UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ERNEST DAILEY, | : | |
| Plaintiff, | : | CASE NO. 3:16-cv-1787 (VAB) |
| | : | |
| v. | : | |
| | : | |
| URSULA KNIGHT, et al., | : | |
| Defendants. | : | January 30, 2017 |
| | : | |

**INIITAL REVIEW ORDER**

Plaintiff, Ernest Dailey, currently incarcerated at the Corrigan-Radgowski Correctional Center, filed this complaint *pro se* under 42 U.S.C. § 1983 on June 27, 2016. Mr. Dailey's complaint was received on October 27, 2016, and his motion to proceed *in forma pauperis* was granted on November 4, 2016. The defendants are Medical Supervisor Ursula Knight, Dr. Figura, Nurse Amy, Supervisor Raquel Lightner, Supervisor Greene, Dr. Pillai, Dr. Naqvi, and Kevin McCrystal. Mr. Dailey alleges that the defendants have been deliberately indifferent to his serious medical needs. He seeks damages and injunctive relief from the defendants.

I.      Standard of Review

Under section 1915A of title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is "frivolous or malicious, that fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d

Cir. 2013); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for pro se litigants).

Although detailed allegations are not required, this Complaint must include sufficient facts to afford Defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

II. <u>Allegations</u>

On October 2, 2014, Mr. Dailey wrote to Dr. O'Halloran because he allegedly had not received the medication for his skin condition for eleven days. Compl., ECF No. 1, ¶ 1. On March 1, 2015, Mr. Dailey wrote to defendants Dr. Naqvi and Raquel Lightner several times with no response. *Id*. at ¶ 2. Prison officials ignored the request, later denied it, and later renewed it, only for it to be denied again. *Id*. Generally, Mr. Dailey alleges that the prescribed creams are sometimes issued by the pharmacy once per month, but that he does not usually have enough to last him the whole month. *See* CN-9601 (Jan. 1, 2016) (alleging that one tube of cream "goes fast within two days"); CN-6901 (April 28, 2015) ("Again I don't have any creams for treatment"); 9601 (Sept. 14, 2016) ("Now being refused to order the cream I need as weeks go by"). Thus, Mr. Dailey allegedly is forced to go without his medication for two weeks each month. Mr. Dailey's condition, initially diagnosed as psoriasis, has gotten worse. *See* Compl., p. 6; CN-9601 (May 10, 2015) (referencing diagnosis).

On February 16, 2016, Mr. Dailey allegedly wrote to Defendant nurse Nikia because he

had dark black spots on his legs. Compl. ¶ 4. He asked to be seen as soon as possible. *Id.* Prison Officials allegedly did not arrange for Mr. Dailey to be examined until March 29, 2016. He contends that, as a result of this delay, he suffers "great itchy pain." *Id.* On February 20, 2016, Mr. Dailey allegedly wrote to Defendant Dr. Pillai about his medication, and Dr. Pillai allegedly ignored the request. Compl. ¶ 3. Mr. Dailey alleges that his skin condition has worsened and he now has severely itchy bumps and scabs and his skin has turned black, red, purple, and green. *Id.* at ¶ 4.

On June 5, 2016, Mr. Dailey allegedly wrote to defendant Dr. Figura about the diagnosis of the rash on his upper body, legs, and arms. Compl. ¶ 5. He allegedly noted that the rash had begun to ooze pus. *Id.* Mr. Dailey alleges that the sores on his legs bleed all of the time. *Id.* His request for help was delayed until after June 15, 2016. *Id.* He alleges that he was placed on the sick call list, which meant that the facility provided no further treatment. *Id.*

On October 14, 2016, Mr. Dailey allegedly wrote to the warden and deputy warden, both Defendants, about his medical concerns. Compl. ¶ 6. They allegedly did nothing. *Id.* Mr. Dailey further alleges that he suffers from arthritis and that the arthritis medication also runs out. Compl., p. 6

III.  Discussion

According to Mr. Dailey, all Defendants have been deliberately indifferent to his serious medical needs in two ways. First, he claims not to have been provided sufficient amounts of cream to treat his condition each month. Second, he claims not to have been referred to a dermatologist.

Although he states that his brings this action under Section 1983, on the complaint form,

Mr. Dailey references the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. To state a claim under the ADA, Mr. Dailey must allege that he is a qualified individual with a disability, and that he was excluded from participation in or denied the benefits of services, programs, or activities because of his disability. *Hargrave v. Vermont*, 342 F.3d 27, 34-35 (2d Cir. 2003). The "mistreatment [must have been] motivated by either discriminatory animus or ill will due to disability." *Garcia v. University of Connecticut Health Center*, No. 3:16-CV-852(JCH), 2016 WL 5844463, at *2 (D. Conn. Sept. 29, 2016). Courts routinely dismiss ADA suits by disabled inmates that allege inadequate medical treatment but do not allege that the inmate was treated differently because of his disability. *Id.*; s*ee, e.g., Nails v. Laplante*, 596 F. Supp. 2d 475, 481-82 (D. Conn. 2009) (dismissing inmate's ADA claim based on inadequate medical care because plaintiff did not include any non-conclusory allegations of discrimination based on disability and identified no program he was unable to participate in or service he was denied because of his disability).

Mr. Dailey alleges that he is disabled as a result of a stroke. He alleges no facts suggesting that the delay in obtaining medication and failure to refer him to a dermatologist were in any way related to that disability. Thus, he fails to state a claim under the ADA.

To state a claim for deliberate indifference to a serious medical need, Mr. Dailey must show (1) a deprivation that is "sufficiently serious," i.e., a deprivation that presents a "condition of urgency, one that may produce death, degeneration, or extreme pain," and (2) reckless indifference, that is, that "defendants were aware of plaintiff's serious medical needs and consciously disregarded a substantial risk of serious harm." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994), *cert. denied sub nom. Foote v. Hathaway*, 513 U.S. 1154 (1995). There are

4

both objective and subjective components to the deliberate indifference standard. *Id.* Objectively, the alleged deprivation must be "sufficiently serious." *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The condition must be "one that may produce death, degeneration or extreme pain." *Hathaway*, 37 F.3d at 66. Subjectively, the defendants must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his actions or inactions. *See Salahuddin v. Goord*, 467 F.3d 262, 279-80 (2d Cir. 2006). "Mere disagreement over the proper treatment" does not create a violation and "negligence, even if it constitutes medical malpractice, does not, without more, engender a constitutional claim," as long as the treatment is adequate. *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).

Plaintiff alleges that his condition causes severe pain and that the sores on his legs bleed and ooze pus. These allegations are sufficient at this stage of litigation for the Court to presume that Mr. Dailey suffers from a serious medical need. He alleges that, despite repeated requests spanning several years, he has not been provided sufficient medication to last the entire month. At this time, these allegations are sufficient to state a plausible claim for relief. Accordingly, the case will proceed on the claim for deliberate indifference to serious medical needs.

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)     Any ADA claim is **DISMISSED** under 28 U.S.C. § 1915A(b)(1) .

(2)     **The Clerk shall** verify the current work addresses of the defendants with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to each defendant at the confirmed address within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the **thirty-fifth (35) day** after

mailing.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)     **The Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service.  The U.S. Marshal is directed to effect service of the complaint on the defendants in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **twenty-one (21) days** from the date of this order and to file a return of service within **thirty (30) days** from the date of this order.

(4)     **The Clerk shall** send written notice to plaintiff of the status of this action, along with a copy of this Order.

(5)     **The Clerk shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(6)     Defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver form is sent.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above.  They also may include any and all additional defenses permitted by the Federal Rules.

(7)     Discovery, under Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order.  Discovery requests need not be filed with the court.

(8)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(9) Under Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(10) If Mr. Dailey changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. Mr. Dailey must give notice of a new address even if he is incarcerated. Mr. Dailey should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. Mr. Dailey should also notify the defendant or the attorney for the defendant of his new address.

(11) Mr. Dailey shall utilize the Prisoner Efiling Program when filing documents with the court.

**SO ORDERED** at Bridgeport, Connecticut, this 30th day of January, 2017.

                                                /s/ Victor A. Bolden
                                                Victor A. Bolden
                                                United States District Judge