UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ERNEST DAILEY,
    *Plaintiff(s)*,

v.

URSULA KNIGHT, et al,
    *Defendants.*

No. 3:16-cv-1787 (VAB)

**RULING ON MOTION FOR RECONSIDERATION**

Ernest Dailey ("Plaintiff"), a prisoner within the custody of the Connecticut Department of Correction ("DOC"), filed this Complaint *pro se* under 42 U.S.C. § 1983 against Medical Supervisor Ursula Knight, Dr. Figura, Nurse Amy, Supervisor Raquel Lightner, Supervisor Greene, Dr. Pillai, Dr. Naqvi, and Kevin McCrystal. Compl., ECF No. 1 (Oct 27, 2016).

    The Court permitted Mr. Dailey's claims alleging deliberate indifference to his need for cream to treat his skin condition and his need to be referred to a dermatologist to proceed. Initial Review Order, ECF No. 9 (Jan. 30, 2017).

On January 13, 2020, the Court issued an order to show cause as to why this matter should not be dismissed for failure to prosecute, and provided Mr. Dailey with a response date of February 14, 2020. Order, ECF No. 25 (Jan. 13, 2020). After Mr. Dailey failed to file any response by February 14, 2020 and filed no motion for an extension of time to do so, the Court on February 21, 2020 dismissed this action for failure to prosecute. Order, ECF No. 26 (Feb. 21, 2020).

Approximately a year and a half later, Mr. Dailey filed a motion for reconsideration of the Court's order to dismiss the case for failure to prosecute. Mot. for Recons., ECF No. 27 (Aug. 3, 2021). Defendants have filed an opposition thereto. Defs.' Opp'n. to Pl.'s 8/3/2021 Mot.

1

for Recons., ECF No. 28 (Aug. 7, 2021) ("Mem. in Opp'n"). Mr. Dailey has not filed a reply memorandum.

For the following reasons, the motion for reconsideration will be **DENIED**.

## II. STANDARD OF REVIEW

A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also* D. Conn. L. Civ. R. 7(c)(1) ("Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions."). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790).

## III. DISCUSSION

Dismissal under Rule 41(b) is subject to the sound discretion of the district courts. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004) ("We do not doubt a district judge's authority to dismiss actions on a plaintiff's failure to prosecute."). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the

judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir.1996)).

No single factor is dispositive and a court must weigh all five factors in determining whether dismissal is appropriate. *See United States ex rel. Drake*, 375 F.3d at 254. "[T]he usual sanction for failure to prosecute under Rule 41(b) is dismissal with prejudice." *See Tenesca v. Gemelli Rest. Grp. Inc.*, No. 19-CV-10976 (AJN), 2021 WL 4041105, at *2 (S.D.N.Y. Sept. 3, 2021) (citing Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.")).

After review of these five factors, the Court concludes that its prior order dismissing the matter under Rule 41(b) was warranted.

Mr. Dailey has not made substantive efforts to prosecute his case since he filed it more than four years ago on October 27, 2016. As an initial matter, the docket reflects that the Court has twice provided Mr. Dailey with notice that his failure to comply with the Court's show cause orders would result in dismissal. *See* Order, ECF No. 20 (Sept. 11, 2018); Order, ECF No. 25 (Jan. 13, 2020).

After Mr. Dailey filed a notice of change of address on October 1, 2018 in response to the first order to show cause, the Defendants filed their Answer on October 24, 2018. Notice of Change of Address, ECF No. 21 (Oct. 1, 2018); Def.'s Answer and Affirmative Defenses, ECF No. 22 (Oct. 24, 2018). Thereafter, a docket entry on May 13, 2019 reflects that Mr. Dailey's mail from the Court was returned as undeliverable with no known address and that Mr. Dailey had been discharged.

The Court subsequently issued its second order to show cause why the Court should not dismiss this matter with a response date of February 14, 2020. Order, ECF No. 25 (Jan. 13, 2020). Because Mr. Dailey failed to comply with the Court's show cause order, the Court dismissed the matter on February 21, 2020. Order, ECF No. 26 (Feb. 21, 2020); *see Avila v. Comm'r of Soc. Sec.*, 15-cv-2456 (JGK), 2016 WL 1562944, at *3 (S.D.N.Y. Apr. 18, 2016) (dismissing for failure to prosecute where seven months had elapsed since defendant had filed a motion to dismiss).

Mr. Dailey did not seek to reopen this matter until August 3, 2021, more than one year after the Court issued its order of dismissal for failure to prosecute. *See* Order, ECF No. 26 (Feb. 21, 2020); Mot. for Recons., ECF No. 27 (Aug. 3, 2021). Because Mr. Dailey's claims concern facts that allegedly occurred as long ago as October 2014, any discovery still outstanding into Mr. Dailey's claim will be hindered by the delay caused by his prior failure to prosecute this action. Moreover, Defendants would be prejudiced if this matter is reopened because they will need to locate, for purposes of preparing for trial, any witnesses or defendants who may no longer work for the DOC, and witnesses may no longer retain a clear recollection of the relevant events.

Mr. Dailey has explained that he has experienced health issues due to his having suffered a stroke in the past, which is referenced in his Complaint in this matter. Compl. at 5, ECF No. 1 (Oct. 27, 2021). But Defendants have submitted evidentiary materials showing that, after he filed this action, Mr. Dailey committed various violations of his special parole and accrued numerous disciplinary reports for interference with safety and security while in DOC custody, despite his asserted health issues. *See* Mem. in Opp'n at 4-5; Ex. 1 to Mem. in Opp'n, ECF No. 28-1 (Aug. 7, 2021); Ex. 2 to Mem. in Opp'n, ECF No. 28-2 (Aug. 7, 2021); Ex. 3 to Mem. in Opp'n, ECF

No. 28-3 (Aug. 7, 2021). Defendants' counsel also refutes Mr. Dailey's claim that he made her aware of his address during the pendency of this action. Mem. in Opp'n at 5.

While the Court recognizes the importance of an inmate's Eighth Amendment claims being heard in federal court, Mr. Dailey's failure to advance this litigation, his failure to comply with the second order to show cause, his failure to provide timely notification to this Court of his address during the pendency of this action, and his failure to seek a timely reopening after the Court's order of dismissal all weigh in favor of the Court's decision to dismiss this matter to avoid docket congestion with a lingering case.

In sum, Mr. Dailey's case has been subject to two show cause orders that notified him that his case could be subject to dismissal if he did not prosecute his case. Nevertheless, Mr. Dailey failed to update the Court of his address and failed to take steps to advance his claims in this Court. Thus, the record in this case shows no indication that a lesser sanction than dismissal would be sufficient to prompt Mr. Dailey to comply with the Court's orders or to prosecute his case with diligence in the future.

Accordingly, the Court finds no error in its prior order because consideration of the five factors all weigh in favor of dismissal of this matter.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion for reconsideration.

**SO ORDERED** at Bridgeport, Connecticut, this 1st day of February, 2022.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE